UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
LIBERTY MUTUAL INSURANCE COMPANY,   )
)                    C.A. No.  1:04-CV-10664-DPW
Plaintiff,          )
)
v.                                  )
)
THE BLACK & DECKER CORPORATION,     )
BLACK & DECKER, INC., BLACK & DECKER )
(U.S.) INC., EMHART CORPORATION, and )
EMHART INDUSTRIES, INC.,            )
)
Defendants.         )
_____)

## ANSWER AND COUNTERCLAIM

Defendants, The Black & Decker Corporation ("BDC"), Black & Decker Inc. ("BDI"),

Black & Decker (U.S.) Inc. ("BDUS"), Emhart Corporation ("Emhart") and Emhart Industries,

Inc. ("EII") (collectively and individually referred to herein, for convenience, as "Black &

Decker"), answer the Complaint for Declaratory Judgment and Jury Demand ("Complaint") of

plaintiff, Liberty Mutual Insurance Company ("Liberty Mutual"), with respect to the Fort Wayne

Reduction Facility in Fort Wayne, Indiana ("Fort Wayne Site"), as follows:

Pursuant to the March 19, 2004 Order in Liberty Mutual Insurance Co. v. The Black &

Decker Corp., et als., Civil Action No. 96-10804-DPW, requiring that the operative complaint

filed in that action be filed as a series of complaints in new actions, each complaint restating the

claims and defenses as to one site or claim that had been pleaded prior to March 19, 2004, Black

& Decker files this answer and counterclaim.  It is the understanding of Black & Decker that the

complaint in this action, and the complaints in the other actions filed by Liberty Mutual

Insurance Company on April 2, 2004, relate back to the filing of the operative complaint in Civil

Action No. 96-10804 and that the intent of the March 19, 2004 Order was that the new complaints and counterclaims restate, in a different civil action, the allegations concerning specific sites and claims that were the subject of the complaint and counterclaim in Civil Action No. 96-10804-DPW. Accordingly, unless the context otherwise requires, this answer and counterclaim restates the allegations in the prior answer and counterclaim that relate to this site.

Further, pursuant to an Order of the Court, Black & Decker will file, in a separate action, its complaint that the conduct of Liberty Mutual, including conduct with respect to this claim, was in violation of Mass. Gen. Laws c. 93A and in breach of its obligation of good faith. Accordingly, those allegations with respect to this claim are not included in this Answer and Counterclaim.

## FIRST DEFENSE

### "PARTIES"

1.     Black & Decker admits the allegations of paragraph 1 of the Complaint.

2.     Black & Decker admits the allegations of the first and third sentences of paragraph 2 of the Complaint, and denies the allegations of the second sentence thereof.

3.     Black & Decker admits the allegations of the first sentence of paragraph 3 of the Complaint, admit that BDI is a wholly owned subsidiary of BDC, and otherwise denies the allegations of paragraph 3 of the Complaint.

4.     Black & Decker admits the allegations of the first sentence of paragraph 4 of the Complaint, and denies the allegations of the second sentence of paragraph 4 of the Complaint.

5.     Black & Decker admits the allegations of the first and third sentences of paragraph 5 of the Complaint, admits that Emhart is a wholly owned subsidiary of BDI and otherwise denies the allegations of paragraph 5 of the Complaint.

6.     Black & Decker admits the allegations of the first sentence of paragraph 6 of the Complaint, admits that EII is a wholly owned subsidiary of Emhart and otherwise denies the allegations of the second sentence of paragraph 6 of the Complaint.

7.     Black & Decker denies the allegations of the introduction of paragraph 7 of the Complaint, as all defendants have not owned or controlled all of the following subsidiaries or divisions and/or succeeded to their liabilities.  The relationship of specific defendants to specific entities is set forth in greater detail below, as follows:

     a.     Black & Decker admits the allegations of paragraph 7(a) of the Complaint.

     b.     Black & Decker admits the allegations of paragraph 7(b) of the Complaint.

     c.     Black & Decker denies the allegations of paragraph 7(c) of the Complaint.

     d.     Black & Decker admits the allegations of paragraph 7(d) of the Complaint.

     e.     Black & Decker denies the allegations of paragraph 7(e) of the Complaint.

     f.     Black & Decker denies the allegations of paragraph 7(f) of the Complaint.

     g.     Black & Decker denies the allegations of paragraph 7(g) of the Complaint.

     h.     Black & Decker denies the allegations of paragraph 7(h) of the Complaint.

     i.     Black & Decker admits the allegations of paragraph 7(i) of the Complaint.

     j.     Black & Decker admits the allegations of paragraph 7(j) of the Complaint.

     k.     Black & Decker admits the allegations of paragraph 7(k) of the Complaint.

     l.     Black & Decker admits the allegations of paragraph 7(1) of the Complaint.

8.     Black & Decker denies the allegations of paragraph 8 of the Complaint.

"<u>JURISDICTION AND VENUE</u>"

9.     Black & Decker admits the allegations of paragraph 9 of the Complaint.

10.     Black & Decker admits the allegations of paragraph 10 of the Complaint.

11.     Black & Decker admits the allegations of paragraph 11 of the Complaint.

"FACTS"

"Policies"

12.     In response to the allegations of paragraph 12 of the Complaint, Black & Decker states that Liberty Mutual issued numerous insurance policies, including comprehensive general liability insurance policies and excess liability insurance policies to the MITE Corporation, and that Black & Decker has succeeded to the rights of the insured under said insurance policies.

13.     In response to the allegations of paragraph 13 of the Complaint, Black & Decker states that Liberty Mutual has not identified the specific policies to which it refers in paragraph 13 of its Complaint, but that insurance policies issued by Liberty Mutual provide coverage for the claim referenced in the Complaint in this action and that said insurance policies are documents that speak for themselves.

14.     In response to the allegations of paragraph 14 of the Complaint, Black & Decker states that it has asserted that Liberty Mutual is obligated under policies of insurance issued to Black & Decker and/or its predecessors in interest to provide Black & Decker with, inter alia, a defense against, and to indemnify Black & Decker with respect to, the claims and/or lawsuits that are described in the Complaint in this action.

"The Fort Wayne Site"

15.     Black & Decker states that on or about March 27, 1995, Black & Decker notified Liberty of claims against it with respect to alleged contamination at and/or near the Fort Wayne Reduction facility in Fort Wayne, Indiana ("Fort Wayne Site Claims") which purportedly included materials originating from the Gripco Fastener Division of MITE and otherwise denies the allegations of paragraph 15 of the Complaint.

4

16.     Black Decker states that there is a dispute between Black & Decker and Liberty Mutual regarding the failure of Liberty Mutual to discharge its obligations under the relevant insurance polices with respect to the so-called "Fort Wayne site" and otherwise denies the allegation of paragraph 16 of the Complaint.

17.     In response to the allegations of paragraph 17 of the Complaint, which alleges matter that "Liberty Mutual believes," Black & Decker states that it lacks knowledge or information sufficient to form a belief as to the truth of those allegations and, therefore, denies said allegations.  Further, if, and to the extent that, Liberty Mutual has such a belief, said belief is erroneous in view of the applicable law and facts.

18.     Black & Decker admits the allegations of the first sentence of paragraph 18 of the Complaint.  In response to the allegations of the second sentence of paragraph 18 of the Complaint, Black & Decker states that the "position" that "Liberty Mutual reasserts" is erroneous and not warranted in view of the applicable law and facts.

"COUNT I"
"(Declaration of No Coverage Obligations)"

19.     Black & Decker incorporates its responses to the allegations contained in paragraphs 1 through 20 of the Complaint, as if set forth in full herein.

20.     Black & Decker admits the allegations of paragraph 20 of the Complaint.

21.     Black & Decker denies the allegations of paragraph 21 of the Complaint.

"COUNT II"
"(Declaration of Set-Off of Defendants' Obligations)"

22.     Black & Decker incorporates its responses to the allegations contained in paragraphs 1 through 21 of the Complaint, as if set forth in full herein.

23.     Black & Decker denies that there are "damages or costs which are the responsibility of the defendants or other parties" and denies the allegations of paragraph 23 of the Complaint.

24.     Black & Decker denies that there is "any set-off which will be due to Liberty Mutual" and states that if, and to the extent that, Liberty Mutual asserts that there is some purported "set-off", there is an actual controversy between Black & Decker and Liberty Mutual.

25.     Black & Decker denies the allegations of paragraph 25 of the Complaint.

"<u>COUNT III</u>"
"(<u>Applicability of Certain Policy Terms</u>)"

26.     Black & Decker incorporates its responses to the allegations contained in paragraphs 1 through 25 of the Complaint, as if set forth in full herein.

27.     In response to the allegations of paragraph 27 of the Complaint, Black & Decker states that the applicable insurance policies speak for themselves and otherwise denies the allegations of paragraph 27 of the Complaint.

**<u>AFFIRMATIVE DEFENSES</u>**

<u>FIRST AFFIRMATIVE DEFENSE</u>

The claims of Liberty Mutual are barred by its own unclean hands.

<u>SECOND AFFIRMATIVE DEFENSE</u>

The claims of Liberty Mutual are barred by laches.

<u>THIRD AFFIRMATIVE DEFENSE</u>

The claims of Liberty Mutual are barred by its own inequitable conduct.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

Liberty Mutual is estopped from seeking the relief that it seeks.

FIFTH AFFIRMATIVE DEFENSE

Liberty Mutual has recognized, in certain circumstances and on certain occasions, its obligation to defend and to indemnify under policies of insurance issued by it and has, in certain circumstances, paid, wholly or partially, for the cost of defense and has, in certain circumstances, wholly or partially indemnified Black & Decker under said policies; accordingly, Liberty Mutual is estopped to deny its obligations to defend and to indemnify, and has waived the contention that there is no obligation to defend or to indemnify under said policies.

SIXTH AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred by waiver.

SEVENTH AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred, in whole or in part, by decisions of this Court in Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als., Civil Action No. 96-10804-DPW.

EIGHTH AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred, in whole or in part, by its conduct in Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als., Civil Action No. 96-10804-DPW.

NINTH AFFIRMATIVE DEFENSE

The claims of Liberty Mutual are barred as a result of its conduct in violation of Mass Gen. Laws c. 93A and its absence of good faith as alleged in the Black & Decker counterclaim in Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als., Civil Action No. 96-10804-DPW, and as will be alleged in a complaint that, pursuant to an Order of the Court, Black & Decker will file on April 23, 2004.

<u>TENTH AFFIRMATIVE DEFENSE</u>

The claims asserted in Counts II and III of the Complaint are barred as those claims were not pleaded in <u>Liberty Mutual Insurance Co. v. The Black & Decker Corp., et als.</u>, Civil Action No. 96-10804-DPW, notwithstanding that Liberty Mutual had ample opportunity to plead such claims in said action.

## **<u>COUNTERCLAIM</u>**

<u>Parties</u>

1.      Plaintiff-in-counterclaim, The Black & Decker Corporation ("BDC"), is a corporation organized under the laws of the State of Maryland, having its principal place of business in Towson, Maryland.

2.      Plaintiff-in-counterclaim, Black & Decker Inc. ("BDI"), is a corporation organized under the laws of the State of Delaware, having its principal place of business in Newark, Delaware.

3.      Plaintiff-in-counterclaim, Black & Decker (U.S.) Inc. ("BDUS"), is a corporation organized under the laws of the State of Maryland, having its principal place of business in Towson, Maryland.

4.      Plaintiff-in-counterclaim, Emhart Corporation ("Emhart"), is a corporation organized under the laws of the State of Virginia, having its principal place of business in Towson, Maryland.

5.      Plaintiff-in-counterclaim, Emhart Industries, Inc. ("EII"), is a corporation organized under the laws of the State of Connecticut, having its principal place of business in Towson, Maryland.

6.      Plaintiffs-in-counterclaim (collectively and individually "Black & Decker") are informed and believe, and therefore aver, that defendant-in-counterclaim, Liberty Mutual Insurance Company ("Liberty Mutual"), is a mutual insurance company organized under the laws of the Commonwealth of Massachusetts, having its principal place of business in Boston, Massachusetts. Liberty Mutual is engaged in the business of issuing contracts of liability insurance.

Jurisdiction and Venue

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 in that plaintiff and defendants are citizens of different states and the amount in controversy, exclusive of costs and interest, exceeds the sum or value of $75,000.

8.      Venue lies in this Court pursuant to 28 U.S.C. §1391(a).

Facts

The Insurance Policies

9.      Black & Decker incorporates the allegations contained in paragraphs 1 through 8 of the Counterclaim, inclusive, as if set forth in full herein.

10.     Black & Decker is the successor in interest to the MITE Corporation ("MITE"), which merged with a wholly owned subsidiary of Emhart in 1985.

11.     Black & Decker is informed and believes, and therefore avers, that Liberty Mutual issued the following General Liability Policies to MITE ("MITE General Liability Policies"), which policies were effective during the periods set forth below:

| TERM | POLICY NUMBER |
|------|---------------|
| 01/01/71 – 01/01/72 | LG1-112-043938-021 |
| 01/01/72 – 01/01/73 | LG1-112-043938-022 |

| | |
|---|---|
| 01/01/73 – 01/01/74 | LG1-112-043938-023 |
| 01/01/74 – 01/01/75 | LG1-112-043938-024 |
| 01/01/75 – 01/01/76 | LG1-112-043938-025 |
| 01/01/76 – 01/01/77 | LG1-112-043938-026 |
| 01/01/77 – 01/01/78 | LG1-112-043938-027 |
| 01/01/78 – 01/01/79 | LG1-112-043938-028 |
| 01/01/79 – 01/01/80 | LG1-112-043938-029 |
| 01/01/80 – 01/01/81 | LG1-112-043938-020 |
| 01/01/81 – 01/01/82 | LG1-112-043938-021 |
| 01/01/82 – 01/01/83 | LG1-112-043938-022 |
| 01/01/83 – 01/18/83 | LG1-112-043938-023 |
| 01/01/85 – 01/01/86 | LG1-112-428880-055 |
| 01/01/86 – 01/01/87 | LG1-112-428880-056 |
| 01/01/87 – 01/01/88 | LG1-112-428880-057 |

12.    Black & Decker is informed and believes, and therefore avers, that Liberty Mutual issued the following Umbrella Excess Liability Policies to MITE ("MITE Excess Policies"), which were effective during the periods set forth below:

| TERM | POLICY NUMBER |
|---|---|
| 01/01/71 – 01/01/72 | LE1-112-043938-031 |
| 01/01/72 – 01/01/73 | LE1-112-043938-032 |
| 01/01/73 – 01/01/74 | LE1-112-043938-033 |
| 01/01/74 – 01/01/75 | LE1-112-043938-034 |
| 01/01/75 – 01/01/76 | LE1-112-043938-035 |

| | |
|---|---|
| 01/01/76 – 01/01/77 | LE1-112-043938-036 |
| 01/01/77 – 01/01/78 | LE1-112-043938-037 |
| 01/01/78 – 01/01/79 | LE1-112-043938-038 |
| 01/01/79 – 01/01/80 | LE1-112-043938-039 |
| 01/01/80 – 01/01/81 | LE1-112-043938-030 |
| 01/01/85 – 06/27/85 | LE1-112-428880-065 |
| 01/01/86 – 01/01/87 | LE1-112-428880-096 |
| 01/01/87 – 01/01/88 | LE1-112-428880-097 |

13.    Black & Decker is informed and believes, and therefore avers, that under each of the MITE General Liability Policies, Liberty Mutual promised to defend the insured against, and indemnify the insured for, losses suffered due to covered accidents and occurrences as defined in said policies.

14.    Black & Decker is informed and believes, and therefore avers, that under each of the MITE Excess Policies, Liberty Mutual promised to defend the insured against, and indemnify the insured for, losses suffered due to covered accidents and occurrences as defined in said policies.

15.    Black & Decker is informed and believes, and therefore avers, that it and its predecessors in interest, including, but not limited to, MITE, have complied with all terms, conditions, prerequisites and other obligations of the MITE General Liability Policies and the MITE Excess Policies (jointly and severally the "MITE Policies").

<u>The Fort Wayne Site</u>

16.    MITE operated a division known as the Gripco Fastener Division.

17.    Black & Decker was named a fourth party defendant in an action with respect to alleged contamination and/or near the Fort Wayne Reduction Facility located in Fort Wayne, Indiana ("Fort Wayne Site Claim") which allegedly included materials originating from the Gripco Fastener Division of MITE..

18.    Black & Decker is informed and believes, and therefore avers, that any alleged contamination at and/or near the Fort Wayne site by Gripco Fastener Division of MITE occurred at various times covered by MITE Policies.

19.    Black & Decker has incurred costs and damages, within the meaning of the MITE Policies, with respect to the Fort Wayne Site Claim.  Black & Decker will continue to incur such costs and damages.

20.    Black & Decker is informed and believes, and therefore avers, that the Fort Wayne Site Claim is within the scope of coverage under the MITE Policies and that said Policies obligate Liberty Mutual to defend and/or indemnify Black & Decker with respect to the Fort Wayne Site Claim.  Black & Decker has complied with all applicable terms, conditions, prerequisites and other obligations of the MITE Policies with respect to the Fort Wayne Site Claim.

21.    Liberty Mutual has received notice of the Fort Wayne Site Claim, including notice dated on or about March 27, 1995.

22.    Black & Decker is informed and believes, and therefore avers, that, on June 12, 1991, Liberty Mutual informed Black & Decker that it was Liberty Mutual's position that there was no coverage with respect to the Fort Wayne Site Claim under certain policies issued by Liberty Mutual to MITE.  Liberty Mutual thus has failed and/or refused to defend and/or

indemnify Black & Decker with respect to the Fort Wayne Site Claim and has denied that there is coverage thereof under the MITE Policies.

23.    The denial of coverage by Liberty Mutual, and the failure of Liberty Mutual to indemnify and defend Black & Decker are in breach of its obligations under the MITE Policies. Black & Decker has suffered damage, and will continue to suffer damage, as a result of the conduct of Liberty Mutual in breach of its obligations under said MITE Policies.

<u>COUNT I – BREACH OF CONTRACT</u>

24.    Black & Decker incorporates the allegations set forth in paragraphs 1 through 23 of the Counterclaim as if set forth in full herein.

25.    Black & Decker is entitled to all benefits of the insurance coverage provided by the MITE Policies, all of which have been in full force and effect at times relevant to this Counterclaim.

26.    The alleged environmental damage at and near the Fort Wayne Site constitutes property or other damage within the meaning of the MITE Policies, and occurred during all or some part of the policy periods of said policies.

27.    Black & Decker has given due notice to Liberty Mutual.  Liberty Mutual has failed or refused to provide for the defense and/or the indemnification of Black & Decker under the MITE Policies with respect to the Fort Wayne Site Claim. as required pursuant to Liberty Mutual's legal obligations under the MITE Policies.

28.    Liberty Mutual is in breach of its obligations to provide for defense costs or to indemnify Black & Decker under the MITE Policies.

29.     As a result of Liberty Mutual's breach of its obligations under the MITE Policies, Black & Decker has been required to pay defense costs arising out of the Fort Wayne Site Claim, and Black & Decker has been required to pay damages and other costs resulting from said claim.

30.     As a result of the breach of said obligations by Liberty Mutual, Black & Decker has suffered great damage and loss.  Said damage and loss is ongoing and continuing.

31.     As a consequence of said breach of obligations under the MITE Policies by Liberty Mutual, Black & Decker is entitled to recover from Liberty Mutual said damage and loss.

## COUNT II - DECLARATORY JUDGMENT

32.     Black & Decker incorporates the allegations contained in paragraphs 1 through 31 of the Counterclaim, as if set forth in full herein.

33.     An actual controversy exists between Black & Decker and Liberty Mutual with respect to Black & Decker's right to payment of defense costs and/or indemnification for damages and other costs by Liberty Mutual under said MITE Policies resulting from the Fort Wayne Site Claim.

34.     Black & Decker is entitled to a declaration that Liberty Mutual is obligated to pay defense costs and to indemnify Black & Decker with respect to the Fort Wayne Site Claim.

## PRAYERS FOR RELIEF

WHEREFORE, defendants The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc., pray that this Court:

1.     dismiss the Complaint of Liberty Mutual Insurance Company with prejudice;

2.    declare that Liberty Mutual Insurance Company is obligated to defend The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. with respect to the claims that are the subject of the Complaint,

3.    declare that Liberty Mutual Insurance Company is severally liable for each policy year for the claims that are the subject of the Complaint, and that The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. have the right to select the policy year or years into which to place their claims for defense and/or indemnity, without proration over other policy years by Liberty Mutual Insurance Company;

4.    declare that Liberty Mutual Insurance Company is obligated to indemnify The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. of and from all, costs, damages and liabilities in connection with the claims that are the subject of the Complaint,

5.    award The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. such damages as they have suffered due to the conduct of Liberty Mutual Insurance Company, plus interest, costs and attorney's fees; and

6.    award The Black & Decker Corporation, Black & Decker Inc., Black & Decker (U.S.) Inc., Emhart Corporation and Emhart Industries, Inc. such other and further relief as is just and proper.

## JURY CLAIM

Defendants claim a trial by jury of all issues in the Complaint and Counterclaim.


By their attorneys,


  /s/Jack R. Pirozzolo          .
Jack R. Pirozzolo BBO# 400400
Richard L. Binder BBO# 043240
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts 02110
(617) 482-5470

16