UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE BLACK & DECKER CORPORATION, )<br>BLACK & DECKER, INC., BLACK & DECKER )<br>(U.S.) INC., EMHART CORPORATION, and )<br>EMHART INDUSTRIES, INC., )<br>)<br>Defendants. )<br>) | CIVIL ACTION<br>NO. 1:96-CV-10804-DPW<br><br>No. 1:04-CV-10664-DPW<br>[FORT WAYNE SITE] |

### BLACK & DECKER'S RENEWED MOTION FOR SUMMARY JUDGMENT REGARDING THE FORT WAYNE SITE

Defendants ("Black & Decker") move, pursuant to Fed. R. Civ. P. 56, for summary judgment that Liberty Mutual Insurance Company ("Liberty Mutual") is in breach of its duty to defend Black & Decker with respect to the Black & Decker claim for insurance coverage regarding the Fort Wayne Reclamation site in Fort Wayne, Indiana ("Fort Wayne Claim") on the ground that there is no genuine issue of material fact and Black & Decker is entitled to judgment as a matter of law, both with respect to defense and with respect to indemnification and as to the amount thereof. In support thereof, Black & Decker states:

1. Pursuant to the provisions of each of the blanket general liability insurance and/or comprehensive general liability insurance policies that Liberty Mutual issued to MITE Corporation for the period January 1, 1971 through January 18, 1983, Liberty Mutual is obligated to defend Black & Decker with respect to the Fort Wayne Claim.

2. After receiving notice of the Fort Wayne Claim, Liberty Mutual refused to defend Black & Decker with respect to this claim.

3. When Liberty Mutual refused to defend Black & Decker concerning the Fort Wayne Claim, Liberty Mutual knew that there had been sudden and accidental events at the Fort Wayne Site during periods of coverage of MITE.

4. Black & Decker has suffered damage as a result of the conduct of Liberty Mutual in breach of its duty to defend Black & Decker with respect to the Fort Wayne Claim.

5. As set forth in the prior rulings of this Court concerning the Ansonia and Derby, Connecticut sites (Docket Entry 539 in 96-cv-10804) and <u>Missionaries of the Co. of Mary v. Aetna Cas. & Sur. Co.</u>, 155 Conn. 104, 230 A.2d 21 (1967), as a result of its breach of its duty to defend, Liberty Mutual is liable to Black and Decker for the costs of indemnification, as well as defense costs.

6. Black & Decker is entitled to recover $89,990.43 in unreimbursed costs that it has incurred in defending the Fort Wayne Claim, including defense and settlement costs.

7. The basis of this motion is set forth in greater detail in the memorandum in support of this motion, the appendix to said memorandum and the statement of material facts in support of this motion, all filed herewith and incorporated herein, as well as in the appendix to the motion for partial summary judgment that Black & Decker filed in Civil Action No. 96-10804-DPW and the exhibits admitted in evidence during the trial of Civil Action No. 96-10804-DPW, all incorporated herein.

REQUEST FOR ORAL ARGUMENT

Black & Decker believes that oral argument may assist the Court in its consideration of this motion and requests an opportunity to be heard in connection with the motion.

By their attorneys,

/s/ Jack R. Pirozzolo
Jack R. Pirozzolo, BBO# 400400
Richard L. Binder, BBO# 043240
Willcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, Massachusetts  02110
(617) 482-5470